```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                 NORTHERN DIVISION
```

**ISRAEL MARTINEZ ORTEGA, SR.,**                                   **PETITIONER**
**# 09444-180**

**VERSUS**                                    **CAUSE NO. 3:14CV593-TSL-RHW**

**WARDEN BONITA MOSLEY**                                           **RESPONDENT**


## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the court sua sponte. Pro se petitioner Israel Martinez Ortega, Sr., filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1]. He is presently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi and attacks his conviction and sentence for conspiracy to possess marijuana with intent to distribute. The court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

On August 4, 2014, Ortega filed the instant habeas petition challenging his drug conviction and sentence handed down from the Western District of Texas. In August of 2001, he pled guilty to conspiracy to possess marijuana with the intent to distribute. He was sentenced on January 16, 2002 to 420 months in the custody of the Bureau of Prisons.

On June 29, 2012, Ortega filed a Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2). The Western District of

Texas denied this motion. United States v. Ortega, No. 4:01cr247(2)-RAJ (W.D. Tex. May 17, 2013).

On May 28, 2013, Ortega filed a Notice of Appeal, appealing his sentence. The Fifth Circuit Court of Appeals dismissed the appeal as untimely. United States v. Ortega, 551 F. App'x 243, 244 (5th Cir. Jan. 13, 2014).

In the meantime, Ortega filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, on September 4, 2013. He alleged that his trial counsel was ineffective for (1) failing to file an appeal, as requested, (2) not objecting to the applicability of the Sentencing Guidelines, (3) advising petitioner that he would receive a 33 month sentence on his guilty plea, (4) failing to object to the quantity of marijuana attributed to petitioner, and (5) failing to object to the indictment. He also alleged that he never pled guilty to a specific quantity of marijuana nor did the trial court find a specific amount. The Western District of Texas denied the motion as time-barred. United States v. Ortega, No. 4:01cr247(2)-RAJ (W.D. Tex. Sept. 23, 2013). The Fifth Circuit affirmed. United States v. Ortega, No. 13-50955 (5th Cir. May 16, 2014).

## DISCUSSION

Ortega again claims that his trial counsel was ineffective for (1) failing to file an appeal of the sentence, as requested, (2) not objecting to the applicability of the Sentencing

Guidelines, (3) failing to object to the quantity of marijuana attributed to petitioner, (4) advising petitioner that he would receive a 33 month sentence on his guilty plea, and (5) failing to object to the indictment, and that he never pled guilty to a specific quantity of marijuana, nor did the trial court find a specific amount. Ortega additionally alleges that his attorney failed to object to the enhanced penalty as an organizer.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to § 2255 "provides the primary means of collateral attack on a federal sentence." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to § 2255. Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990).

Ortega's claims that he was improperly sentenced to 420 months and that his plea was unknowing do not challenge the execution of his federal sentence but instead attack the validity of his sentence. Since these alleged constitutional violations occurred at or prior to sentencing, they are not properly pursued in a § 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or

ineffective remedy, he may proceed by way of § 2241." <u>Wesson v. U.S. Penitentiary</u>, 305 F.3d 343, 347 (5th Cir. 2002). To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit holds:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

<u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001). Ortega bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. <u>Id.</u> at 901.

Ortega does not invoke the savings clause. He points to no Supreme Court case to show he was convicted of a nonexistent offense, nor does he argue that any of his claims were previously foreclosed by the Fifth Circuit.

Since Ortega's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with them under § 2241. Accordingly, the Petition shall be dismissed as frivolous. To the extent it can be construed as a § 2255 motion, it shall be dismissed for lack of jurisdiction. <u>Pack</u>, 218 F.3d at 454.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby dismissed with

4

prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

    **SO ORDERED AND ADJUDGED**, this the 12th day of August, 2014.

                    /s/Tom S. Lee
                    UNITED STATES DISTRICT JUDGE